UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALAN R. BOISVERT,<br><br>                    Plaintiff,<br><br>v.<br><br>SKYWORKS SOLUTIONS, INC.,<br><br>                    Defendant. | CIVIL ACTION<br>No. 4:20-cv-40003-TSH |

## REPORT AND RECOMMENDATION

**August 20, 2020**

Hennessy, M.J.,

Plaintiff Alan R. Boisvert filed suit *pro se* in Worcester County Superior Court asserting claims arising out of his employment with Defendant Skyworks Solutions, Inc. [Dkt. No. 1, Ex. C ("Compl.")]. On January 6, 2020, Defendant, a California entity, removed this case to this court on diversity grounds. [Dkt. No. 1]. In its Motion to Dismiss and Compel Arbitration [Dkt. No. 7], Defendant argues that Plaintiff waived his right to litigate his claims when he agreed to be bound by the terms of a "Mutual Agreement to Arbitrate Claims" ("Arbitration Agreement" [Dkt. No. 8]). Defendant requests that this court dismiss or stay these proceedings and compel Plaintiff to resolve this matter in accordance with the terms of the Arbitration Agreement. Plaintiff contends that he is able to pursue his claims in this court because Defendant did not include the Arbitration Agreement in his personnel file and because he has an active suit regarding his unemployment claim in Uxbridge District Court. [Dkt. No. 14 ("Oppo.")]. For the reasons stated below, the undersigned recommends that this court GRANT Defendant's motion.

**I.      FEDERAL ARBITRATION ACT**

Under the Federal Arbitration Act (the "Act"), a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."  9 U.S.C. § 4.  When a party petitions the court to compel arbitration under a written agreement, the "court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  Id.  If the agreement specifies the "method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed."  Id. § 5.

**II.     STANDARD**

To compel arbitration under the Act, "[a] party . . . must demonstrate 'that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope.'"  Soto-Fonalledas v. Ritz-Carlton San Juan Hotel Spa & Casino, 640 F.3d 471, 474 (1st Cir. 2011) (quoting Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 375 (1st Cir. 2011)).  "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) (emphasis in original).

The First Circuit has yet to declare the appropriate standard by which to review whether a party made the requisite showing to compel arbitration.  Compare Commonwealth Equity Servs., LLC v. Ohio Nat'l Life Ins. Co., No. 18-cv-12314 (DJC), 2019 WL 1470131, at *1 (D. Mass. Apr.

2

3, 2019) (summary judgment standard) with Baker v. Montrone, No. 18-cv-0913 (PB), 2020 WL 128531, at *1 (D.N.H. Jan. 10, 2020) (Rule 12 standard) with Moss v. Brock Servs., LLC, No. 2:19-cv-00084 (JAW), 2019 WL 3806375, at *1 n.2 (D. Me. Aug. 13, 2019) ("A motion to compel arbitration is not controlled by Federal Rules of Civil Procedure 12(b)(6) or 12(c) but is made pursuant to the Federal Arbitration Act, 9 U.S.C. § 4."). This court need not resolve the issue here because the facts material to the determination of the arbitrability of the claims are undisputed.

## III. ANALYSIS

### A. The Delegation Clause

Parties may "clearly and unmistakably agree[]" to submit threshold and gateway issues to the arbitrator. See Awuah v. Coverall North America, Inc., 554 F.3d 7, 10 (1st Cir. 2009) (citing Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002)). Here, within a provision titled "Construction and Enforceability," the Arbitration Agreement states that "[a]ny issue or dispute concerning the applicability, interpretation, or enforceability of this Agreement, including any claim or contention that all or any part of this Agreement is void or voidable, shall be subject to arbitration as provided herein. The arbitrator, and not any federal, state, or local court or agency shall have authority to decide any such issue or dispute." [Dkt. No. 8, at p. 3]. As this constitutes clear and unmistakable evidence, most of Plaintiff's opposition to the arbitrability of his claims must be submitted to the arbitrator and not this court. See Henry Schein, Inc. v. Archer and White Sales, Inc., 139 S. Ct. 524, 531 (2019) ("When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract."). For this reason alone, the undersigned recommends granting Defendant's motion.

### B.       Validity of the Arbitration Agreement

Even absent the Arbitration Agreement's delegation clause, a valid agreement to arbitrate exists. "The [Act] . . . makes arbitration agreements 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" Kindred Nursing Centers Ltd. Partnership v. Clark, 137 S. Ct. 1421, 1423 (2017) (quoting 9 U.S.C. § 2). Accordingly, when determining whether a valid arbitration agreement exists, courts apply the same state-law principles generally governing contract formation. See Cullinane v. Uber Techs., Inc., 893 F.3d 53, 61 (1st Cir. 2018) (applying Massachusetts law). In Massachusetts, the formation of a contract requires an offer, acceptance, and consideration. See Doe v. Trustees. of Boston College, 892 F.3d 67, 89 (1st Cir. 2018) (citing Quinn v. State Ethics Comm'n, 401 Mass. 210, 216 (1987)). Here, the Arbitration Agreement has all the indicia of a valid contract. See Shen v. CMFG Life Ins. Co., 15-11593 (MLW) (MBB), 2016 WL 1129308, at *5 (D. Mass. Mar. 4, 2016). The Arbitration Agreement states that by signing Plaintiff voluntarily entered into the agreement to give up his right to a jury trial and that he received valuable consideration to do so. See Perez-Tejada v. Mattress Firm, Inc., 17-12448 (DJC), 2019 WL 830450, at *6 (D. Mass. Feb. 21, 2019) ("[T]he mutual promise to arbitrate is a bargained-for exchange affording both a legal detriment and a corresponding benefit to the parties."). Plaintiff makes no argument as to the unconscionability of the contract; nor could he. See Bekele v. Lyft, Inc., 918 F.3d 181, 187-88 (1st Cir. 2019) ("To show unconscionability under Massachusetts law, [plaintiff] must prove 'both substantive unconscionability (that the terms are oppressive to one party) and procedural unconscionability (that the circumstances surrounding the formation of the contract show that the aggrieved party had no meaningful choice and was subject to unfair surprise).'") (emphasis in quotation) (quoting Machado v. System4 LLC, 471 Mass. 204, 218 (2015)). Therefore, Defendant

met its burden to show a valid binding agreement to arbitrate.  See Acher v. Fujitsu Network Commc'ns, Inc., 354 F. Supp. 2d 26, 36 (D. Mass. 2005) ("The party seeking to compel arbitration . . . has the burden of proving . . . the existence of a valid and binding agreement to arbitrate.").

### B.     Defendant's Entitlement to Invoke and Whether Plaintiff is Bound

"In order to compel arbitration of the claims against" it, Defendant "must establish that [it] is 'entitled to invoke the arbitration clause.'"  Grand Wireless, Inc. v. Verizon Wireless, Inc., 748 F.3d 1, 9 (1st Cir. 2014) (quoting Soto-Fonalledas, 640 F.3d at 171).  Per the Arbitration Agreement, "[e]ither party may bring an action . . . to compel arbitration under this Agreement" and the Arbitration Agreement "survive[s] the employer-employee relationship."  As Plaintiff admits to signing the document, Defendant can enforce it and Plaintiff is bound by it.  See St. Fleur v. WPI Cable Systems/Mutron, 450 Mass. 345, 355 (2008) ("Typically, one who signs a written agreement is bound by its terms whether he reads and understands them or not.").  Plaintiff's argument that he didn't receive a copy of the contract following his termination does not change this result.

### C.     Scope of the Arbitration Agreement

As noted above, the Supreme Court has made clear that when the parties' contract delegates the question of arbitrability to an arbitrator, an arbitrator and not the court must determine if a dispute falls within the scope of the arbitration clause, even if the court views the claim to arbitration "wholly groundless."  See Henry Schein, Inc., 139 S. Ct. at 528.  In Henry Schein, Inc., the arbitration clause mandated that "[a]ny dispute arising under or related to this Agreement . . . shall be resolved by binding arbitration in accordance with the arbitration rules of the American Arbitration Association."  Id. at 528.  Here, the Construction and Enforceability provision of the Arbitration Agreement delegates "any issue or dispute concerning the applicability, interpretation,

5

or enforceability of this Agreement . . ..″ to the arbitrator. In light of the Court's interpretation of the similar arbitration clause in Henry Schein, Inc., the undersigned recommends that an arbitrator must also determine whether Plaintiff's claims are arbitrable under the agreement. Id. at 530.

Even absent the delegation clause, the undersigned interprets the Arbitration Agreement to apply to Plaintiff's claims. Under the provision titled, "Agreement to Arbitration," "except as otherwise provided" the parties agreed to arbitrate "any and all claims or controversies . . . arising out of, relating to or associated with Employee's relationship with the Company . . .." [Dkt. No. 8, at p. 1]. The Arbitration Agreement excludes only the following claims: "claims for workers' compensation benefits; claims for unemployment compensation benefits; [] claims based upon an employee pension or benefit plan . . . which contain[s] an arbitration or other non-judicial dispute resolution procedure" and "claims for which mandatory arbitration is unavailable." [Dkt. No. 8, at p. 2]. Though Plaintiff's claims as stated in his *pro se* complaint are not specifically articulated,[1] "ambiguities as to the scope of the arbitration clause itself [must be] resolved in favor of arbitration." Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University, 489 U.S. 468, 476 (1989).

When statutory claims are involved, a party can prevent enforcement of the arbitration agreement by showing that "Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue." Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 227

---

[1] Plaintiff's *pro se* complaint, does not expressly state his claims. Instead he describes the nature of his claims as: "subjection to discriminatory and harassing conditions of employment;" "subjection to threats regarding the terms, conditions and privileges of his employment;" and "discharge and wrongful termination" in violation of United States and Massachusetts law. Plaintiff further clarifies that he is pursuing claims under a theory of wrongful discharge and breach of the implied covenant of good faith and fair dealing. When asserting the facts underlying his claims, Plaintiff asserts that Defendant had dumped large quantities of arsenic down drains which violated state and federal law. [Compl. at ¶¶ 9-11]. Plaintiff avers that when he reported these violations to the Massachusetts Water Authority, Defendant retaliated against him through harassment, threats, and intimidation. [Compl. at ¶ 20]. Plaintiff further contends that he suffered discriminatory treatment based on his health conditions and his status as a veteran. [Compl. at ¶ 23].

(1987). Proof of Congressional intent could "be discoverable in the text of the [statute], its legislative history, or an inherent conflict between arbitration and the [statute's] underlying purposes." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991) (internal quotation marks omitted). Here, Plaintiff failed to present evidence that Congress intended to exclude his statutory claims – including his claims based on retaliation for reporting alleged violations of environmental law – from the purview of the Act. Compare 7 U.S.C. § 26(n)(2) ("No predispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under this section [of the whistleblower provision of the Comity Exchange Act].") with 15 U.S.C. § 2622(a) (whistleblower provision of the Toxic Substances Control Act); 42 U.S.C. § 300j-9(i)(1) (whistleblower provision of the Safe Drinking Water Act); 42 U.S.C. § 6971(a) (whistleblower provision of the Solid Waste Disposal Act); 33 U.S.C. § 1367 (whistleblower provision of the Federal Water Pollution Act). Even under a favorable reading of Plaintiff's complaint, there is no evidence that Congress intended to preclude arbitration for Plaintiff's claims.

**D.   Waiver**

Unlike the validity and scope of an arbitration agreement, "[t]he First Circuit has expressly held that arbitration waiver issues arising out of litigation-related activity are presumptively for the court to decide, not the arbitrator." Barbosa v. Midland Credit Mgmt., Inc., 18-11997 (NMG) (JGD), 2019 WL 3781629, at *6 (D. Mass. July 3, 2019) (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 14-15 (1st Cir. 2005)). To determine whether waiver has occurred in a particular case, the First Circuit uses the following factors:

> (1) whether the parties participated in a lawsuit or took other action inconsistent with arbitration; (2) whether the "litigation machinery has been substantially invoked and the parties [are] well into preparation of a lawsuit by the time an intention to arbitrate [is] communicated;" (3) "whether there has been a long delay"

7

and trial is near at hand; (4) whether the party seeking to compel arbitration has "invoked the jurisdiction of the court by filing a counterclaim"; (5) whether discovery not available in arbitration has occurred; and, (6) whether the party asserting waiver has suffered prejudice."

FPE Found. v. Cohen, 801 F.3d 25, 29 (1st Cir. 2015) (quoting Restoration Preservation Masonry v. Grove Eur., Ltd., 325 F.3d 54, 60-61 (1st Cir. 2003)).

Here, no factor supports finding that Defendant waived its right to compel arbitration. See Creative Solutions Group, Inc. v. Pentzer Corp., 252 F.3d 28, 32 (1st Cir. 2001) ("Waiver is not to be lightly inferred, and mere delay in seeking [arbitration] without some resultant prejudice to a party cannot carry the day.") (alteration in original).  In this case, Plaintiff served the complaint on Defendant on December 13, 2019; Defendant filed its motion to compel arbitration on January 13, 2020.  Plaintiff states he has a pending unemployment compensation benefits claim in Uxbridge District Court.  However, as Plaintiff's unemployment insurance benefits actions appears to be excluded under the Arbitration Agreement, Defendant did not delay invoking its right to arbitrate and Plaintiff cannot show any prejudice.  Accordingly, the undersigned recommends finding that Defendant did not waive its right to compel arbitration.

### E. **Entitlement to Dismissal**

Finally, the undersigned addresses Defendant's request for dismissal of Plaintiff's case. "Where one side is entitled to arbitration of a claim brought in court, in this circuit a district court can, in its discretion, choose to dismiss the law suit, if *all* claims asserted in the case are found arbitrable." Next Step Med. Co. v. Johnson & Johnson Int'l, 619 F.3d 67, 71 (1st Cir. 2010) (emphasis in original). In light of the undersigned's determination that Defendant is entitled to arbitrate all of Plaintiff's claims, the undersigned further recommends that the complaint be dismissed.  The dismissal should be without prejudice to accommodate a return to court, if warranted, following the arbitration.


**CONCLUSION**

For all the reasons detailed above, the undersigned recommends that Defendant Skyworks Solutions, Inc.'s Motion to Dismiss or Stay Proceedings and to Compel Arbitration [Dkt. No. 7] be ALLOWED.  Specifically, the undersigned recommends that that the court compel arbitration pursuant to the Arbitration Agreement between the parties and that this action be dismissed without prejudice.[2]

/s/ David H. Hennessy
David H. Hennessy
U.S. Magistrate Judge

---

[2] The parties are notified that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of service of this Report and Recommendation. The written objections must identify with specificity the portions of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72(b)(2).  The United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See, e.g., United States v. Diaz-Rosado, 857 F.3d 89, 94 (1st Cir. 2017); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).